

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS


ATTORNEY GENERAL

Honorable Maxwell Welch
County Attorney
Bowie County
Boston, Texas

Dear Sir:

Opinion No. O-6601
Re: Liability of Bowie County Levee
Improvement District No. 2 for State,
county and school taxes and procedure
to be followed in foreclosing tax lien.

In your letter of August 29, 1945, you called our attention to a tract of about five thousand acres of land in Bowie County, Texas, on which no state, county or school taxes have been paid since 1919. The Bowie County Levee Improvement District No. 2 was created in 1919, the above described tract being all of the land within said district. Bonds were issued on several occasions by the district in varying amounts, and the bonds are still outstanding. You state that the district is now "defunct," and that a Mr. Powell claims to have over 51% of the bond issue and is holding himself out as manager of the tract of land.

In subsequent correspondence with you, we are advised that the land was never conveyed to said district, but that, in your opinion, title to the land is still in certain private individuals. In your original opinion request, you submit for our consideration the following questions:

"1. Is this district liable for state, county and school taxes?

"2. If it is liable, and the State forecloses its tax lien in due time, will the county and State in any way become liable to the bondholders for the amount of their bonds?

"3. In the event suit is filed for the collection of such taxes, would it be necessary to have citation issued and served upon all bondholders?

"4. When the names of the bondholders are unknown and the officers of the defunct district are unknown, could service be had by publication?"

Since the district in question, which is a body politic and corporate (Art. 7979, R.S.), never owned the said property, your first question is answered in the negative. Further, since the property is not publicly owned, it is not exempt from taxation. St. Edwards' College v. Morris, Tax Collector (Sup. Ct.) 17 S.W. 512.

Referring to your second question, in the event the State should forclose its lien, there would be no liability by the State or county to bondholders; although the land in question might be subject to a tax lien in favor of the district for any unpaid taxes levied by the district for the purpose of retiring said bonds or for other purposes.

Bondholders, as such, have no lien upon the property in a district. The lien arises by virtue of the tax levied by the district to pay the principal and interest on the bonds, and the tax and lien are in favor of the district. It would therefore be unnecessary to make the bondholders parties to your foreclosure suit. We are assuming, of course, that no valid transfer of its tax lien has been made by the district to bondholders or other transferees.

Your third question is also answered in the negative.

This makes an answer to your fourth question unnecessary.

We enclose herewith a copy of our Opinion No. O-6662 which you may find of assistance in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY /s/ J. Arthur Sandlin

J. Arthur Sandlin
Assistant

APPROVED MARCH 13, 1946
/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
BY B.W.B.
Chairman

JAS:ms:egw